802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dr. John D. VODILA, Plaintiff-Appellant,
v.
Roderick CLELLAND; Dorothy Demharter; Jim Ghersi; Dr.
Donald Cotton, Jr.; Dorothy Cooper; William
Spiker, Defendants-Appellees.
 No. 85-3461.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1986.
 
 Before KEITH, NELSON and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, a dentist formerly employed by the Ohio State Hospital at Massillon, was discharged from that employment on July 20, 1980. On April 6, 1983, he brought an action against the superintendent of the hospital and others under 42 U.S.C. Sec. 1983. Without answering the complaint, the defendants moved to dismiss it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 14, 1984, a magistrate filed a report and recommendation concluding that the motion to dismiss should be granted. On April 17, 1985, the United States Supreme Court handed down its decision in Wilson v. Garcia, 471 U.S. ----, 105 S.Ct. 1938 (1985), holding that the timeliness of all Sec. 1983 claims is governed by the forum state's statute of limitations for personal injury actions. On May 17, 1985, after the plaintiff dentist had filed an amended complaint without first obtaining leave of court to do so, Chief Judge Battisti entered an order approving and adopting the magistrate's report and recommendation and dismissing the action, under Rule 12(b)(6), for failure to state a claim. Believing that any claim the plaintiff dentist may have had was barred by Ohio's one year statute of limitations, we shall affirm the judgment of, dismissal.
 
 
 2
 As this court held in Mulligan v. Hazard, 777 F.2d 340 (6th Cir. 1985), cert. denied, 54 U.S.L.W. 3808 (June 9, 1986), where the limitations period for a section 1983 action is established by reference to Ohio Law, the action must be brought within one year after the cause of action accrued. The one year limitations period applies whether or not suit was filed before the Supreme Court's decision in Wilson v. Garcia, supra, 777 F.2d at 343-44.
 
 
 3
 It is true that the defendants in this case have not pleaded the statute of limitations as a defense, but they would obviously be entitled to do so if the judgment of the district court were reversed and they were required to file an answer. Because that defense would have to be sustained as a matter of law, we need not consider whether the plaintiff dentist's amended complaint did or did not state a claim on which relief could be granted, nor need we decide whether the amended complaint should have been considered by the district court. Under any view of the case, plaintiff has no claim that had not been barred by the statute of limitations well before April 6, 1983.
 
 
 4
 The judgment of the district court is AFFIRMED.